UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>CHARLES D. AUSTIN<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>MDD_CDAChambers@mdd.uscourts.gov |

March 6, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Keith O. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 23-2807-CDA

Dear Counsel:

On October 18, 2023, Plaintiff Keith O. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' filings (ECFs 11-1 and 15).[2] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, this Court will GRANT Plaintiff's alternative motion for remand, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on March 12, 2019, and a Title XVI application for Supplemental Security Income ("SSI") benefits on April 9, 2019, alleging a disability onset of June 1, 2014.[3] Tr. 285-308. Plaintiff's claims were denied

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on October 18, 2023. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Standing Order 2022-04 directs parties to file briefs, rather than motions for summary judgment, in Social Security cases. *See* Standing Order 2022-04, No. 00-308 (D. Md. Nov. 30, 2022). Here, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a brief. *See* ECFs 11, 15. Plaintiff's counsel is directed to comply with Standing Order 2022-04 in future filings.

[3] Plaintiff requested to amend the alleged onset date of disability to December 6, 2017. Tr. 43-44. The ALJ interpreted such request as Plaintiff seeking to reopen a prior Title II application filed on October 25, 2017, and denied on March 13, 2018, but because the ALJ concluded that

*Keith O. v. Dudek*
Civil No. 23-2807-CDA
March 6, 2025
Page 2

initially and on reconsideration. Tr. 123-46.  On January 25, 2023, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 37-61.  Following the hearing, on February 21, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[4] during the relevant time frame.  Tr. 11-36.  The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since June 1, 2014, the alleged onset date[.]"  Tr. 17.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "psychogenic nonepileptic seizure, migraine headaches, major depressive disorder, panic disorder, degenerative disc disease of the spine, arthritis of the bilateral knees, hypertension, and prostate cancer[.]" *Id.*  The ALJ also determined that all of the Plaintiff's other impairments were considered non-severe impairments. *Id.*  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.*  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally climb ramps and stairs and never climb ladders, ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch, and never crawl. He can never work around unprotected heights or moving mechanical parts. He cannot perform work that require exposure to vibration, bright lights, or loud noises. He is able to perform simple, routine tasks and cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. He would require work in a low stress work environment defined as requiring only

---

Plaintiff was not disabled until January 12, 2023, the request was denied.  Tr. 14.

[4] 42 U.S.C. §§ 301 et seq.

*Keith O. v. Dudek*
Civil No. 23-2807-CDA
March 6, 2025
Page 3

> occasional decision making and occasional changes in the work setting. Occasional interaction with co-workers, the public, and supervisors[.]

Tr. 19.  The ALJ determined that Plaintiff was unable to perform past relevant work as a Grounds Supervisor (DOT[5] #406.134-014) and Grounds Caretaker (DOT #406.684-014) but could perform other jobs that existed in significant numbers in the national economy.  Tr. 23-25.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 26.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is evidence that "a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises two arguments on appeal.  First, Plaintiff argues that the ALJ did not afford proper weight to the medical opinion of Dr. Hina Ghafoor.  ECF 11-1, at 14-15.  Second, Plaintiff argues that the ALJ presented a legally insufficient RFC to the vocational expert ("VE").  *Id.* at 15-17.  Specifically, Plaintiff argues that the RFC is legally insufficient because the ALJ did not "include an off task limitation, and . . . provide[d] no explanation in her decision as to how or why normally scheduled breaks would be sufficient to accommodate [Plaintiff]'s time off task."  *Id.* at 17.  Defendant counters that the ALJ (1) properly evaluated Dr. Ghafoor's medical opinion and (2) supported her RFC finding with substantial evidence.  ECF 15, at 6-27.  Specifically, Defendant argues that the RFC is legally sufficient because substantial evidence supported that "[a]ny time [spent] off-task [by Plaintiff] could be accommodated by normal breaks [and] . . . within the

---

[5] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

confines of the assessed RFC." *Id.* at 25-26.

      Plaintiff's second argument is dispositive here. A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

      This Court agrees that the ALJ committed reversible error by failing to explain how, despite Plaintiff's moderate limitations in concentration, persistence, and pace ("CPP"), he could stay on task for at least eighty percent of the workday. *See McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600-03 (D. Md. 2016). In *McLaughlin*, an ALJ found that the claimant had moderate CPP limitations, and the VE testified that "[a] person 'off task' more than 15% of the workday . . . could not perform any work." *Id.* at 596-97. The ALJ in *McLaughlin* did not address whether the claimant's CPP limitations would cause her to be off task for longer than the period deemed work-preclusive by the VE. *See id.* at 602. The court found that the ALJ adequately accommodated the claimant's CPP limitations in the RFC assessment by providing her with "a few extra minutes of supervision at times of task change[.]" *Id.* However, because it is "reasonable to assume" that moderate CPP limitations "translate into a decrease in productivity," the court held that the ALJ erred by failing to explain how the claimant "could remain productive for at least 85% of the workday" in light of her CPP limitations and the VE's testimony. *Id.* Because the ALJ failed to include an adequate explanation, the court held that their decision lacked substantial evidence, and remanded the case based on a lack of substantial evidence. *Id.* at 603.

      Here, the ALJ found that Plaintiff had moderate CPP limitations, and the VE determined that "[t]here [would] be no work" if an employee's time off-task was twenty percent of the workday. Tr. 18, 57. Analogous to the ALJ in *McLaughlin*, the ALJ here failed to expressly address Plaintiff's ability to remain on-task despite his CPP limitations. To be sure, the ALJ determined that Plaintiff had moderate CPP limitations due to:

> difficulties in completing tasks [and] . . . deficits in mood and insight and judgment" despite evidence showing that Plaintiff did not complain "to treatment providers of serious difficulties maintaining CPP, . . . [possessed] intact attention and concentration[, and] . . . retain[ed] the concentration and cognition to read books, watch television, and navigate public transportation.

Tr. 18. The only mention of Plaintiff's time off-task occurred when the ALJ discussed Dr. Akherenwei Gwan and Dr. Ghafoor's medical opinions. Both medical providers determined that Plaintiff would be off task for at least twenty percent of the workday. Tr. 22-23. Yet, the ALJ did not reconcile her error because she found the opinions to be "partially persuasive" and "of little persuasion[,]" respectively. Tr. 22-23. By finding Dr. Ghafoor's assessment to be "of little

persuasion," the ALJ appeared to reject the off-task limitation joined by Dr. Gwan. Had the ALJ credited and assigned persuasive value to those providers' off-task limitation, its CPP and off-task limitations would pass muster. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (affirming an ALJ's decision where: (1) the ALJ adopted, without explanation, certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned persuasive value to the opinion). Consequently, the ALJ's decision lacks "an accurate and logical bridge from the evidence to [the ALJ's] conclusion[s]," and "remand is appropriate[.]" *McLaughlin*, 200 F. Supp. 3d at 602-03.

Additionally, courts have remanded where the ALJ asked the VE to consider a time off-task limitation in rendering opinions to hypotheticals, but the ALJ then failed to analyze the time off-task limitation in their decision. *See Crump v. Saul*, 932 F.3d 567, 570-71 (7th Cir. 2019) (remanding where the ALJ asked the VE to consider a twenty percent time off-task limitation, and the ALJ failed to provide analysis of the VE's opinion in their decision); *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019) (same). Remand is appropriate because courts "are left without a logical bridge" to support an ALJ's finding that the claimant's physical or mental impairment would result in less than the proposed time off-task limitation. *Washington v. Colvin*, No. 12-C-4995, 2013 WL 1903247, at *11 (N.D. Ill. May 7, 2013). Here, like in *Crump* and *Winsted*, the ALJ asked the VE to consider a twenty percent time off-task limitation. Tr. 57. The VE testified that "[t]here [would] be no work" for Plaintiff if his time off-task was twenty percent of the workday. Tr. 57. Yet, the ALJ failed to address that opinion in her decision. As a result, this Court is "left without a logical bridge" to support the ALJ's finding that Plaintiff's CPP limitations would result in less than twenty percent time off-task of the workday. *Washington*, 2013 WL 1903247, at *11. Therefore, remand is appropriate.

Remand is also warranted in light of the Fourth Circuit's instruction that, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to analyze that function is appropriate. *Dowling v. Comm'r, Soc. Sec. Admin*, 986 F.3d 377, 389 (4th Cir. 2021). Here, given the VE's testimony, a finding regarding the amount of time that Plaintiff must spend off-task may preclude work at step five. Because time off-task is relevant to whether Plaintiff is precluded from working, and the ALJ failed to assess this issue, this Court is unable to conclude that the ALJ's step-five findings are premised on a proper RFC assessment. On remand, the ALJ must either: (1) "articulate why" Plaintiff is able to "remain productive" for at least eighty percent of the workday, given his CPP limitations, or (2) explain why such limitations "would not significantly impact" Plaintiff's productivity. *McLaughlin*, 200 F. Supp. 3d at 602-03.

Because the case is being remanded on this basis, this Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and adjust their opinion accordingly. Additionally, in remanding for further explanation, this Court expresses no opinion as to whether the ALJ's conclusion regarding Plaintiff's entitlement to benefits is correct.

V. **CONCLUSION**

For the reasons set forth herein, Plaintiff's alternative motion for remand, ECF 11-1, is

*Keith O. v. Dudek*
Civil No. 23-2807-CDA
March 6, 2025
Page 6

GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

      Sincerely,

      /s/

      Charles D. Austin
      United States Magistrate Judge